OPINION
{¶ 1} Appellant William K. Bailey appeals the decision of the Court of Common Pleas, Ashland County, which resentenced him upon remand, following his plea of guilty to attempted rape and gross sexual imposition charges. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 2, 2002, appellant pled guilty to one count of attempted rape and one count of gross sexual imposition. The trial court deferred sentencing and ordered a pre-sentencing report. On February 10, 2003, the trial court sentenced appellant to the maximum term of eight years incarceration for the attempted rape and to the maximum term of eighteen months for the gross sexual imposition, to be served consecutively, for a total of nine years and six months.
 {¶ 3} Appellant appealed his sentence to this Court. See State v.Bailey, Ashland App. No. 03COA006, 2003-Ohio-4806. We affirmed in part and reversed in part, concluding the trial court did not set forth findings sufficient under R.C. 2929.14 to justify the imposition of consecutive sentences. The matter was thus remanded for resentencing. Id. at ¶ 30.
 {¶ 4} Upon remand, the trial court reimposed the same sentence without hearing. See "Judgment Entry — Remanded Sentence," August 11, 2004.
 {¶ 5} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 I. {¶ 7} In his sole Assignment of Error, appellant claims the trial court erred in resentencing him in absentia. We agree.
 {¶ 8} Upon remand by this Court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 9} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 10} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S.Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *.'"
 {¶ 11} We note the state concurs with appellant's argument. See Appellee's Brief at 5.
 {¶ 12} Upon review, we find the trial court erred in resentencing appellant in absentia. Accordingly, appellant's sole Assignment of Error is sustained.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed and remanded to said court for resentencing.
By: Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.